UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| MICHAEL J. WALSH,<br><br>  Plaintiff,<br><br>v.<br><br>THE UNIVERSITY OF MINNESOTA, and<br>JANICE L. HOISTAD, Ph.D.,<br><br>  Defendants. | Civil No. 05-2673 (RHK/JSM)<br><br>**REPORT AND RECOMMENDATION** |

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff's pro se "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he is seeking leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to this Court for a Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An IFP application will be denied and the action dismissed when a plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996)(per curiam).[1]

---

[1] Section 1915(e)(2) was enacted as part of the Prison Litigation Reform Act of 1995 (Pub.L. No. 104-134, 110 Stat. 1321 (1996)) ("the PLRA"). It replaces § 1915(d), which authorized the dismissal of an IFP complaint only if it was found to be "frivolous." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (holding that a complaint is "frivolous" and therefore subject to dismissal under § 1915(d) "where it lacks an arguable basis either in law or in fact"). Section 1915(e)(2), which is applicable to all cases filed after April 26, 1996, (the effective date of the PLRA), provides for dismissal of IFP cases not only where the complaint is "frivolous," (§ 1915(e)(2)(B)(i)), but also where it "fails to state a claim on which relief may be granted" (§ 1915(e)(2)(B)(ii)). With the enactment of § 1915(e)(2)(B)(ii), it is

While a pro se pleading is to be liberally construed, it still must allege some historical <u>facts</u>, which if proven true, would entitle the plaintiff to some legal remedy against the named defendant(s) under some colorable legal theory.  <u>Martin v. Aubuchon</u>, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law").

Plaintiff's current pleading fails to state any actionable claim for relief, because it does not contain any factual allegations at all.  The substantive allegations of Plaintiff's complaint, repeated verbatim and in their entirety, are as follows:

> "Abridgment of Civil Liberty. U.S. Code 440. Theft of Intellectual Property. U.S. Code 820.  Personal Injury U.S. Code 360. [¶] Plaintiffs personal liberty and civil rights were abrogated in the most egregious manner imaginable to appropriate intellectual property the University and Dr. Hoistad were interested in and in which profits could be made.  The plaintiff was seriously injured as a result."

These allegations obviously do not describe any specific acts or omissions by any Defendant that could cause any Defendant to be liable to Plaintiff under any legal theory. It is therefore readily apparent that, even with the benefit of liberal construction, Plaintiff's complaint fails to state a cause of action on which relief can be granted.  Because Plaintiff has failed to plead any actionable claim for relief, the Court will recommend that his IFP application be denied, and that this action be summarily dismissed pursuant to § 1915(e)(2)(B)(ii).

---

no longer necessary for the Court to determine whether the instant complaint is "frivolous." Nevertheless, the Court notes that even under that old standard the instant complaint would be dismissed, as Plaintiff has not made "any rational argument in law or fact entitling him to relief."  <u>Williams v. White</u>, 897 F.2d 942, 944 (8th Cir. 1990).

RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be DENIED; and

2. This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).


Dated: December 1, 2005

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge


Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by December 19, 2005, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.